LAWRENCE R. and ILARIA BROWNLEE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brownlee v. Commissioner
Docket No. 16489-80.
United States Tax Court
T.C. Memo 1981-416; 1981 Tax Ct. Memo LEXIS 332; 42 T.C.M. (CCH) 609; T.C.M. (RIA) 81416; August 10, 1981. Stephen J. Mancini, for the petitioners. Pamela Olson, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1976 and 1977 in the amounts of $ 67,540 and $ 95,550, respectively; additions to tax under section 6651(a) [1] in the amounts of $ 16,885 and $ 23,887.50, respectively; and additions to tax under section 6653(a) in the amounts of $ 3,852.40 and $ 5,088.70, respectively. The issues with respect to the proper computation of petitioners' tax liabilities have been disposed of by the parties and their agreement in this regard has been reduced to writing in a document entitled "Stipulation Re Partial Settlement" filed July 10, 1981. The only issues for our decision are whether petitioners *333 are liable for the additions to tax under section 6651(a) and section 6653(a). FINDINGS OF FACT Some of the facts were stipulated into the record and these facts are found accordingly. Petitioners, husband and wife, who resided at Santa Ana, California, at the date of the filing of the petition in this case, filed a joint Federal income tax return for the calendar year 1976 on September 25, 1978, and filed a joint Federal income tax return for the calendar year 1977 on December 26, 1978. There was also filed by Ilaria Brownlee, as trustee, a U.S. Fiduciary Income Tax Return Form 1041 for The Lawrence R. Brownlee Trust for the fiscal year September 1, 1975, through August 31, 1976, and a similar return for the fiscal year September 1, 1976, through August 31, 1977. Petitioner Lawrence R. Brownless is a physician. The primary adjustments made in the notice of deficiency were increasing the gross profits from Dr. Brownlee's medical practice by amounts which were reported by The Lawrence R. Brownlee family trust and by amounts *334 he had deducted as management fees paid to that trust. The remaining adjustments in the notice of deficiency also dealt with including in Dr. Brownlee's income amounts that had been reported as income of the trust. These items, as well as the amount of deductions for business expenses and itemized deductions to which Dr. Brownlee is entitled, have all been disposed of by agreement of the parties, resulting in substantial reductions in the taxable income of Dr. Brownlee as determined in the notice of deficiency. Petitioners had their joint income tax returns for the years 1976 and 1977 prepared by Barbara Hutchinson. Dr. Brownlee and Mrs. Brownlee signed the return for each of these years shortly after receiving the return as prepared by Ms. Hurchinson and mailed the signed return to the Internal Revenue Service. Ms. Hutchinson represented to Dr. Brownlee that the delay in preparing the returns for petitioners was due partly to her illness and partly to slow bookkeeping and tax return preparation in her office. Ms. Hutchinson had been supplied with the information from which to prepare petitioners' return by petitioners' accountant. Dr. Brownlee has strong feelings that estate *335 taxes and requirements of probate are wrong and that an individual should be entitled to preserve his estate so that the fruits of his lifework could be passed on entirely to his family. Someone told him when he set up The Lawrence R. Brownlee Trust that the trust was valid and would enable him to preserve his estate and also would have income tax advantages in that income-splitting would result from each individual in his family filing a separate tax return reporting the amount he received from the trust. OPINION Petitioners take the position that the late filing of their tax returns in each of the years here in issue was due to reasonable cause and not to willful neglect within the meaning of section 6651(a). The reasonable cause which petitioners contend existed was the failure of their tax return preparer, Ms. Hutchinson, to timely prepare their returns. The record here is clear that Dr. Brownlee knew when his tax returns were due to be filed. The record does not show whether he furnished the information for filing those returns to Ms. Hutchinson prior to the time the returns were due. Clearly, the fact that a tax return preparer does not prepare returns on time is *336 not reasonable cause for late filing. It has long been settled that unexplained failure of an accountant or return preparer to timely prepare an individual's tax return is not reasonable cause for late filing. ; . Petitioner's main argument with respect to the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations is that this addition should not be sustained since the family trust to which a substantial part of his income was diverted was set up by him for the primary purpose of saving estate taxes and probate costs. Petitioners further contend that the fact that some unnamed person represented to Dr. Brownlee that the trust was valid, shows that the deficiency resulting from including in his taxable income amounts of his earnings diverted to the trust was not due to negligence or intentional disregard of rules and regulations. We have considered Dr. Brownlee's testimony. However, we conclude that it was negligent on his part not to further investigate the propriety *337 of diverting his income to the trust in an effort to reduce his estate and income taxes. There is no showing in the record by whom Dr. Brownlee was informed that the trust was valid or whether it was represented to him that it was a valid income-splitting device. Dr. Brownlee apparently engaged the services of an accountant who prepared information from his books to be submitted to Ms. Hutchinson. There is no showing in the record as to whether he consulted this accountant as to the validity of the trust he set up as an income-splitting device. Considering this record as a whole, including the testimony of Dr. Brownlee, we conclude petitioners have failed to show that a part of the underpayment of their tax for each of the years here in issue was not due to negligence or intentional disregard of rules and regulations. See ; . On the basis of this record, we sustain respondent's determination of additions to tax under section 6651(a) and under section 6653(a). Decision will be entered under Rule 155. Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩